UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DAWN PENNING, ) | |
|    PLAINTIFF, ) | |
| ) | CIVIL ACTION NO.: |
| VS. ) | 4:10-cv-2318 |
| ) | |
| ) | JURY TRIAL DEMANDED |
| MERCANTILE ADJUSTMENT ) | |
| BUREAU, LLC ) | UNLAWFUL DEBT COLLECTION |
|    DEFENDANT. ) | PRACTICES |

## COMPLAINT
## JURY DEMAND

1.  Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA") and the Telephone Consumer Protection Act, 47 U.S.C §227, *et seq.* ("TCPA").

## JURISDICTION AND VENUE

2.  This Court has jurisdiction under 28 U.S.C. §§1331, 1337, 1367 and 15 U.S.C. §1692k. Venue in this District is proper because Plaintiff resides here and Defendant placed telephone calls into this District.

## PARTIES

3.  Plaintiff, DAWN PENNING, is a natural person, and citizen of the State of Missouri, residing in Jefferson County.

4.  Defendant Mercantile Adjustment Bureau, LLC (hereinafter referred to as "Mercantile") is a New York corporation operating from an address at 40 West Avenue, Rochester, NY 14611, and doing business in the State of Missouri.

Mercantile's registered agent is National Registered Agents, Inc., 300-B East High Street, Jefferson City, Missouri 65101.

4.     Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

5.     Defendant regularly collects or attempts to collect debts for other parties.

6.     Defendant is a "debt collector" as defined in the FDCPA.

7.     Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

8.     Defendant sought to collect an alleged debt from Plaintiff arising from transactions incurred for personal, family or household purposes.

9.     Defendant left the following messages on Plaintiff's voice mail on her cellular telephone on or about the dates stated:

<u>March 19, 2010</u>
Good Morning.  This message is solely intended for Dawn Penning. Dawn, my name is Lee Wylie.  Now ma'am, I'm calling you this morning from CI's corporate office here in New York concerning notification of a claim that is being expedited to the Jefferson County Clerk's office.  Miss Penning, I have been instructed to get in contact with you prior to this being processed in order to inform you of the status and to discuss the particulars of this matter.  Ma'am, if you do care to be advised please contact Lee Wylie at 1 (877) 878-7730 immediately upon receipt of this message.  Ma'am, if you fail to respond to this notice you will be forfeiting all control over this situation and action will be taken immediately without your input.  I am obligated to render a final decision by 1:30 PM tomorrow, Saturday, March the 20th.  Miss Penning, it is highly recommended that you be a vocal part of the decision-making before this goes any futher, as this will only have an adverse effect on you if not properly addressed.

2

Please be advised that this communication has been recorded for use as evidence and proof of notification.

<u>May 10, 2010</u>
Message is for Dawn Penning.  Please contact Donna Petrus at (866) 889-5222, direct extension is 8544.  Dawn please refer to your case number 13150726.  My office will be available until 9 this evening and that's Eastern Standard Time.  It's important that you return my call.

<u>May 17, 2010</u>
Message is for Dawn Penning.  Please contact Donna Petrus at (866) 889-5222, extension 8544.  It's important that you return my call.

<u>July 29, 2010</u>
Message is for Dawn Penning.  Dawn can you contact Mike Rosa at (866) 889-5222, extension 8546 regarding a financial matter.  This matter has a time restraint on it.  Dawn if you could call back at (866) 889-5222, extension 8546.

<u>May 27 & 29, 2010</u>
<u>June 3, 5, 8, 12, 14, 18, 23, & 29, 2010</u>
<u>July 3, 6, 16, & 26, 2010</u>
<u>August 13, 16, 18, 23 & 26, 2010</u>
<u>September 1, 17 & 24, 2010</u>
The same prerecorded message which contained the following language:
This is a message for Dawn Penning.  If you are not Dawn Penning, please disconnect this call.  By continuing to listen to this message, you acknowledge that you are Dawn Penning.  This is Rachel Rigley from Mercantile Adjustment Bureau. Please contact me about an important personal business matter at (866) 889-5222.  This communication is from a debt collector.  This is an attempt to collect a debt and any information obtained will be used for that purpose.

10.     Defendant left similar or identical messages on other occasions.

(Collectively, "the telephone messages").

11.     The messages are "communications" as defined by 15 U.S.C. §1692a(2).  See *Edwards v. Niagara Credit Solutions, Inc.* 584 F. 3d 1350  (11th Cir. 2009).

3

12. Defendant failed to inform Plaintiff in some of the messages that the communication was from a debt collector, failed to inform the Plaintiff of its name and failed to disclose the purpose of Defendant's messages.

13. Defendant created a sense of false sense of urgency some of the messages.

14. Defendant made an excessive number of calls to Plaintiff.

15. Defendant made a false and deceptive statement in an effort to collect a debt when its collector, Lee Wylie advised Plaintiff when he claimed that he had been retained to expedite a claim to the Jefferson County Clerk's Office in an attempt to create the false impression that a lawsuit had either been filed or was about to be filed.

16. Defendant knew it was required to disclose its name, and to disclose that it was a debt collector and that the communication in telephone messages to Plaintiff was being made in an effort to collect a debt.

17. Defendant used an automatic telephone dialing system or a pre-recorded or artificial voice to place numerous telephone calls to Plaintiff's cellular telephone.

18. Plaintiff did not expressly consent to Defendant's placement of telephone calls to Plaintiff's cellular telephone by the use of an automatic telephone dialing system or a pre-recorded or artificial voice prior to Defendant's placement of the calls.

19. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C § 227 (b)(1)(A).

20. Defendant willfully or knowingly violated the TCPA.

## COUNT I
## FAILURE TO DISCLOSE STATUS AS DEBT COLLECTOR

21. Plaintiff incorporates Paragraphs 1 through 20.

22. Defendant failed to disclose in the telephone messages that it is a debt collector in violation of 15 U.S.C. §1692e(11). See <u>Foti v. NCO Fin. Sys</u>., 424 F. Supp. 2d 643, 646 (D.N.Y. 2006) and <u>Belin v. Litton Loan Servicing</u>, 2006 U.S. Dist. LEXIS 47953 (M. D. Fla. 2006) and <u>Leyse v. Corporate Collection Servs</u>., 2006 U.S. Dist. LEXIS 67719 (D.N.Y. 2006).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT II
## FAILURE TO MAKE MEANINGFUL DISCLOSURE OF IDENTITY

23. Plaintiff incorporates Paragraphs 1 through 22.

24. Defendant placed telephone calls to Plaintiff without making meaningful disclosure of its identity when it failed to disclose its name and or that it is a debt collector and or the purpose of Defendant's communication in the telephone messages in violation of 15 U.S.C §1692d(6). See <u>Wright v. Credit</u>

*Bureau of Georgia, Inc.,* 548 F. Supp. 591, 593 (D. Ga. 1982); and *Hosseinzadeh v. M.R.S. Assocs.,* 387 F. Supp. 2d 1104 (D. Cal. 2005).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

## COUNT III
## FALSE STATEMENT AND DECEPTIVE MEANS IN AN EFFORT TO COLLECT A DEBT IN VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

25.    Plaintiff incorporates Paragraphs 1 through 24.

26.    Defendant's collector Lee Wylie made false statements and used deceptive means in an effort to collect a debt when he left Plaintiff a message which implied that legal action had already been or was about to be initiated against Plaintiff with the Jefferson County Clerk when no such action was taken or intended to be taken in violation of 15 U.S.C §1692e(5) and 15 U.S.C §1692e(10).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

## COUNT IV
## TELEPHONIC HARASSMENT AND ABUSE FOR UNAUTHORIZED CALLS TO A CELLULAR TELEPHONE

27. Plaintiff incorporates Paragraphs 1 through 26.

28. Defendant engaged in conduct the natural consequence of which is to harass, oppress, or abuse by using an automatic telephone dialing system or pre-recorded or artificial voice in placing telephone calls to Plaintiff's cellular telephone to which Plaintiff had not consented, in violation of 15 U.S.C §1692d.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

   a. Damages;

   b. Attorney's fees, litigation expenses and costs of suit; and

   c. Such other or further relief as the Court deems proper.

## COUNT V
## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT

29. Plaintiff incorporates Paragraphs 1 through 28.

30. Defendant placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice without Plaintiff's prior express consent in violation of 47 U.S.C § 227 (b)(1)(A)(iii).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.    Damages; and

    b.    Such other or further relief as the Court deems proper.

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

/s/ Dawn Penning
**Dawn Penning**

**THE SWANEY LAW FIRM**

/s/ Robert T. Healey
Robert T. Healey
EDMO # 3356
Attorney at Law
3460 Hampton, Suite 205
St. Louis, MO 63139
rhealey1960@gmail.com
telephone: (314) 481-7778
fax:  (314) 481-8479